UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEDDY W. MOON,<br><br>            Plaintiff,<br><br>            v.<br><br>RECONTRUST, NA, et al.,<br><br>            Defendants. | CASE NO. C11-1006JLR<br><br>ORDER DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the court on Plaintiff Teddy W. Moon's emergency motion for preliminary injunction relief (Dkt. # 3). Mr. Moon, who is proceeding pro se, seeks to enjoin Defendants Recontrust, NA ("Recontrust"); BAC Home Loans Servicing, LLP ("BAC"); and Bank of New York as Trustee for CHL Mortgage Pass-Through Trust 2007-J3 ("Bank of New York") from proceeding with the sale of his property on Friday, June 24, 2011. (*Id.*) Having reviewed Mr. Moon's motion, Mr. Moon's supporting affidavit (Dkt. # 3, Ex. 1), and the governing law, the court DENIES Mr. Moon's emergency motion for preliminary injunction relief (Dkt. # 3).

ORDER- 1

## I. BACKGROUND

Mr. Moon has not filed a complaint in this action. Mindful of its duty to construe liberally the filings of pro se litigants, therefore, the court looks to Mr. Moon's motion and his affidavit in support of his motion (Dkt. # 3, Ex. 1) to determine the factual basis for Mr. Moon's request for relief.

Mr. Span's motion and affidavit set forth only sparse facts regarding the property and non-judicial foreclosure at issue in this case. Mr. Moon alleges that he sent a request for validation of his debt and a "qualified written request" to BAC Home Loans and a prior trustee before Recontrust became trustee, and that BAC did not answer the request satisfactorily because it answered only seven of his more than 100 questions. (Mot. ¶ 2.) Mr. Moon further alleges that Recontrust does not have power to foreclose on his property because (1) the note "was securitized . . . into CHL Mortgage Pass-Through Trust 2007-J3, with Bank of New York as Trustee;" (2) Recontrust does not meet the Washington Deed of Trust Act's physical presence requirement, RCW 61.24.030(6); (3) Recontrust has no registered agent in Washington and is not licensed to do business in Washington; and (4) Recontrust "has failed to provide evidence that the beneficiary [BAC] is the note holder, per RCW 61.24.060(7)." (Mot. ¶¶ 4-7; Aff. ¶¶ 4-6.) Finally, Mr. Moon alleges that his "audit of the mortgage loan shows that all disclosures were not made at the time of closing and that violations of Truth in Lending and Regulation Z have occurred." (Aff. ¶ 9.) Mr. Moon does not describe the specific violations, nor does he allege that he is not in default on the mortgage on the property to be foreclosed.

Mr. Moon alleges that Defendants' conduct violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; Regulation Z, 12 C.F.R. § 226.23; and the Washington Deed of Trust Act. (*See generally* Mot.)

## II. ANALYSIS

Mr. Moon seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. (Mot. at 4.) In light of Mr. Moon's pro se status and Mr. Moon's allegation that the sale of his property is scheduled for June 24, 2011, the court construes Mr. Moon's motion as seeking an ex parte temporary restraining order pursuant to Rule 65(b).

A plaintiff seeking a temporary restraining order in federal court must meet the standards for issuing a preliminary injunction. Accordingly, the plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). In addition, a "preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates irreparable harm and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Nonjudicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), chapter 61.24 RCW. *Cox v. Helenius*, 693 P.2d 683, 685 (Wash. 1985); *see also Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1121-22 (W.D. Wash. 2010) (explaining the operation of the DTA). The procedure set forth in RCW 61.24.130 for restraining a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox*, 693 P.2d at 686. Specifically, under RCW 61.24.130(1), a court must "require as a condition the granting of a restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." In addition, RCW 61.24.130(2) provides that

> No court may grant a restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint gives five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee.

RCW 61.24.130(2).

The court does not question that Mr. Moon is likely to suffer irreparable harm in the absence of an injunction, as he is at risk of losing his home in the June 24, 2011 trustee's sale. The court cannot, however find serious questions, let alone a likelihood of success, on the merits of Mr. Moon's claims as required to support a temporary restraining order. *See Winter*, 129 S. Ct. at 374; *Alliance for the Wild Rockies*, 632 F.3d

at 1134-35. Mr. Moon has not filed any proof that he has complied with the DTA by giving five days notice of his motion to the trustee as required by RCW 61.24.130(2). Mr. Moon's failure to do so is fatal to his claim for an injunction because, as the Washington Supreme Court has made clear, the DTA provides the only means by which one can seek to enjoin a trustee's sale. *Cox*, 693 P.2d at 686.

Even if Washington law did not require compliance with the DTA in order to enjoin a trustee's sale, Mr. Moon nevertheless has not established a likelihood of success or serious questions going to the merits of his federal claims that would support the issuance of a temporary restraining order. First, neither the FDCPA nor RESPA provide the relief Mr. Moon seeks. The FDCPA provides only for the award of monetary damages and does not provide for injunctive relief. 15 U.S.C. § 1692k. Similarly, RESPA provides only for monetary relief for violations of its notice requirements. 12 U.S.C. § 2605(f). Thus, even if Mr. Moon could establish a likelihood of success on an FDCPA claim or a RESPA claim, an injunction of the trustee's sale is not an appropriate remedy.

Second, to the extent Mr. Moon raises a claim for rescission under TILA, Mr. Moon has not pled or otherwise attested to facts that would establish his ability to tender any amount of money owning on the loan. *See* 15 U.S.C. § 1635(b); *Joern v. Ocwen Loan Servicing, LLC*, No. CV-10-0134-JLQ, 2010 WL 2813769, at *3 (E.D. Wash. July 14, 2010) ("Plaintiffs must allege an ability to tender in order to state a claim for recision [sic] under TILA."). Because Mr. Moon has failed to plead or otherwise demonstrate an

ability to tender back the proceeds of his mortgage, he has not established a likelihood of success on a TILA rescission claim.

Finally, Mr. Moon has not provided the court with a sufficient factual basis to support the issuance of a temporary restraining order. Mr. Moon does not specify the address or location of the property to be foreclosed; does not attach copies of the Deed of Trust, the Notice of Default, the Notice of Trustee's Sale, or any other documentation associated with the alleged foreclosure; and does not allege any basis for his assertions that Recontrust does not have a registered agent in Washington and does not satisfy the physical presence requirement of the Deed of Trust Act. Absent proof of the factual basis for his claims, Mr. Moon cannot meet his burden to establish that he is entitled to a temporary restraining order. *See Winter,* 129 S. Ct. at 374.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Moon's emergency motion for preliminary injunction relief (Dkt. # 3).

Dated this 20th day of June, 2011.

JAMES L. ROBART
United States District Judge