# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TEDDY W. MOON, <br><br> Plaintiff, <br><br> v. <br><br> RECONTRUST, NA, et al., <br><br> Defendants. | CASE NO. C11-1006JLR <br><br> ORDER REGARDING PLAINTIFF'S JUNE 22, 2011 FILING |

This matter comes before the court on Plaintiff Teddy W. Moon's filing of a complaint and supporting exhibits (Compl. (Dkt. # 5)).

On June 16, 2011, Mr. Moon filed an emergency motion for preliminary injunctive relief, along with a motion for leave to proceed in forma pauperis. (Dkt. # 1.) Mr. Moon sought by his motion to enjoin the June 24, 2011 trustee's sale of his property. (*See id.* Attach. 1.) Mr. Moon did not file a complaint with his motion to proceed in forma pauperis. On June 20, 2011, the Magistrate Judge granted Mr. Moon leave to proceed in forma pauperis and ordered that Mr. Moon's emergency motion for

ORDER- 1

preliminary injunctive relief be filed. (Dkt. # 2; *see also* Dkt. # 3 (motion and affidavit in support).)

That same day, the court construed Mr. Moon's emergency motion as a motion for an ex parte temporary restraining order and denied the motion. (June 20, 2011 Order (Dkt. # 4).) The court found that Mr. Moon had not demonstrated that he had satisfied the procedural requirements of Washington's Deed of Trust Act ("DTA"), chapter 61.24 RCW, which the Washington Supreme Court has held provides the only means to enjoin a trustee's sale. (*Id.* at 5 (citing *Cox v. Helenius*, 693 P.2d 683, 686 (Wash. 1985)).) In addition, the court concluded that, even if compliance with the DTA was not required to enjoin a trustee's sale, Mr. Moon had not established a likelihood of success or serious questions going to the merits of his federal claims that would support the issuance of a temporary restraining order. (*Id.* at 5-6 (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008), and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).) The court noted that Mr. Moon had not specified the address or location of the property at issue, had not attached any documents associated with the alleged foreclosure, and did not allege any basis for his assertions that Defendant Recontrust, NA ("Recontrust") has no registered agent and does not satisfy the physical presence requirement of the DTA. (*Id.* at 6.)

On June 22, 2011, Mr. Moon filed a complaint in this action. (Compl. (Dkt. # 5).) To his complaint, Mr. Moon attached copies of the following documents: an Interest Only Adjustable Rate Note dated April 23, 2007 (Compl. Ex. 1.); the Deeds of Trust for a first mortgage and a home equity line of credit executed in April 2007 (*id.* Exs. 2 & 3); a

December 2010 assignment of a Deed of Trust from Defendant Mortgage Electronic Registration Systems to Defendant BAC Home Loans Servicing ("BAC Home Loans") (*id.* Ex. 4); an April 2011 letter from BAC Home Loans in response to questions from Mr. Moon (*id.* Ex. 5); a purported "Real Estate Securitization Audit" performed by Mortgage Audits Online (*id.* Ex. 6); and a copy of a Qualified Written Request that Mr. Moon sent to several parties in March 2011 (*id.* Ex. 7).

Mr. Moon did not renew his emergency motion, nor did he file a motion for reconsideration of the court's June 20, 2011 Order denying his motion. Nevertheless, the court has reviewed Mr. Moon's filing to determine if it presents allegations, facts, or argument that would place the court's prior ruling in question. Having completed this review, the court concludes that Mr. Moon's newly-filed documents do not affect or change the court's prior ruling denying Mr. Moon's emergency motion for preliminary injunctive relief (Dkt. # 3).

Dated this 27th day of June, 2011.

JAMES L. ROBART
United States District Judge